UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATHANIEL JOHNSON, #927305, | )<br>) |
| Plaintiff, | )   2:11-cv-00291-JCM-CWH |
| vs. | )<br>) |
| CHERYL, *et. al.,* | )   **O R D E R**<br>) |
| Defendants. | )<br>) |

This matter is before the Court on Plaintiff's Third Request for Service of Process (#52), filed September 8, 2011, and Plaintiff's Motion to Extend Time for Service of Process (#55), filed September 28, 2011.

On February 23, 2011, Plaintiff filed an application to proceed *in forma pauperis* and a complaint (#1). On April 22, 2011, the Court entered a screening order granting Plaintiff's request to proceed *in forma pauperis* and allowing the Eighth Amendment medical claim against "Dr. Mondora, nurse Cheryl, HSA Melody, and Lt. Wiseman" to proceed. *See* Order (#18) at 5:25-26. The claims against Naphcare, Inc., Clark County, and Sheriff Doug Gillespie were dismissed. *Id*. at 6:6-18.

In the screening order, the Clerk of Court was ordered to send Plaintiff four USM-285 forms to fill out and return to the United States Marshal's office in order to accomplish service on the remaining defendants. Plaintiff was further instructed to file a notice identifying which defendants were served and which were not served based upon the USM-285 returns provided by the Marshal. On May 12, 2011, the USM-285 returns were filed with service having been accomplished on Defendant Lt. Wiseman.[1]  Service was not accomplished on Dr. Mondora, nurse Cheryl, or HSA

---

[1] Defendant Wiseman filed his answer on May 25, 2011. *See* Answer (#27).

Melody.

On May 17, 2011, just five days after the USM-285 returns were filed indicating that certain defendants had not been served, Plaintiff filed a motion requesting service on the unserved defendants. *See* Pl.'s Mot. (#26). The Court denied Plaintiff's motion (#26) on the ground that Plaintiff had "failed to identify any provision of law or the federal rules" authorizing service on a defendant through his or her employer. *See* Order (#37) at 1:22-26. The Court granted Plaintiff an additional 120 days to conduct an investigation to determine the identities and addresses of the unserved defendants. *Id*.

On July 17, 2011, Plaintiff filed a second motion for service of process (#40) wherein he identified each of the unserved defendants by first and last name as well as their place of work. The Court granted Plaintiff's motion (#40) because it appeared that there was "sufficient identifying information to effect service" on the unserved defendants. The Court ordered the Clerk of Court to send Plaintiff three additional USM-285 forms in order to accomplish the ordered service. On September 8, 2011, the Court granted Plaintiff's motion to amend (#45) thereby adding Deputy Chief Jim Dixon as a party to the case.

**1. Plaintiff's Motion for Extension of Time for Service of Process (#55)**

By way of this motion, Plaintiff requests an additional 120 days to effectuate service on the unserved defendants. Plaintiff is proceeding in this matter *in forma pauperis* and is entitled to rely upon the United States Marshal for service of the summons and complaint. *See* Fed. R. Civ. P. 4(c)(3); *see e.g., Walker v Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) ("an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized ... where the U.S. Marshall or the court clerk has failed to perform his duties.") (citation and quotation omitted). The failure to serve a defendant within 120 days after the complaint is filed requires that a court dismiss the action without prejudice against the unserved defendant or require service to be accomplished within a specified time. *See* Fed. R. Civ. P. 4(m). Nevertheless, if the plaintiff shows "good cause for the failure, the court must extend the time for service an appropriate period." *Id*.

"Courts have discretion under Rule 4(m) ... to extend the time for service." *In re Sheehan,*

- 2 -

1  253 F.3d 507, 513 (9th Cir.2001). "Courts must apply considerable leeway when assessing whether
2  a pro se civil rights litigants' failure to comply strictly with time limits ... should be excused for good
3  cause." *McGuckin v. Smith,* 974 F.2d 1050, 1058 (9th Cir.1992), *rev'd on other grounds* (internal
4  quotation marks omitted). Because litigants proceeding *in forma pauperis* must rely on the Marshal
5  for service, "delays in service attributable to the Marshal automatically constitute 'good cause'
6  preventing dismissal under Rule 4(m)." *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir.1995); *but
7  see Walker*, 14 F.3d at 1421-22 (where a pro se plaintiff fails to provide the U.S. Marshal with
8  accurate and sufficient information to effect service of the summons and complaint, dismissal is
9  appropriate).

10  Here, the Court has little difficulty finding that there is good cause for the extension
11  requested. Plaintiff has been diligent in his efforts to effectuate service and the Court has previously
12  found that the information provided to the Marshal's office in this instance was sufficient to locate
13  the unserved defendants in order to effectuate service. Accordingly, the request for an extension to
14  effectuate service will be granted.

15  **2. Plaintiff's Third Request for Service of Process (#52)**

16  The Court is concerned that the Marshal's office was unable to effectuate service based on
17  the information provided by Plaintiff in the most recent USM-285 forms. The USM-285 returns,
18  attached to Plaintiff's motion (#52), indicate that the Marshal's office needs a "P #" for the unserved
19  defendants. The Court is unclear why the Marshal's office needs a "P #". Whatever the "P #" refers
20  to is irrelevant as the Court has previously determined that the information given is sufficient to
21  identify the unserved defendants in order to serve them at the place where each apparently works –
22  the Clark County Detention Center.

23  In an attempt to avoid further issues, the United States Marshal shall again attempt service
24  on the unserved defendants based on Plaintiff's most recent USM-285 forms. The Court further
25  directs the Marshal to serve the custodian of records for NaphCare, Inc. with a subpoena *duces tecum*
26  requiring the disclosure of Dr. Raymond Mondora, Melody Moniora, and Cheryl Galeme's last
27  known addresses and phone numbers to the Marshal so it may again attempt service on the unserved
28  defendants. Based on the foregoing,

1    **IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time for Service of Process
2    (#55) is **granted**. Pursuant to Rule 4(m), Plaintiff shall have an additional 120 days from the date
3    of this order to effectuate service of the complaint and summons in this matter.

4    **IT IS FURTHER ORDERED** that Plaintiff's Third Request for Service of Process (#52)
5    is **granted**. The United States Marshal shall again attempt service on the unserved defendants based
6    on Plaintiff's most recent USM-285 forms. The United States Marshal shall provide Plaintiff with
7    a Form USM-285 indicating whether service was effected. Plaintiff shall file the Form USM-285
8    within ten days after receiving it from the United States Marshal.

9    **IT IS FURTHER ORDERED** that the Clerk of Court shall:

10   1.   Issue a subpoena *duces tecum* to the Custodian of Records Naphcare, Inc. directing
11        the Custodian to provide the last known address and telephone number of Dr.
12        Raymond Mondora, Melody Moniora (Health Services Administrator), and Cheryl
13        Galeme (charge nurse). The subpoena *duces tecum* directed toward Naphcare, Inc.
14        shall be served on its registered agent located at Registered Agents Legal Services,
15        Ltd., 112 N. Curry St., Carson City, Nevada 89703.

16   2.   The Clerk of Court shall deliver the subpoenas *duces tecum,* the summons,
17        Complaint, and a copy of this Order to the United States Marshal.

18   3.   The United States Marshal shall serve the subpoenas *duces tecum* as well as a copy
19        of this Order on the Custodians of Records for Naphcare, Inc.

20   4.   The Custodian of Records shall respond to the subpoena *duces tecum* within fourteen
21        days of receipt. The Custodian shall provide its response to the United States
22        Marshal and the Marshal shall retain the information under seal.

23   5.   Within thirty days after receiving information from the Custodian of Records, the
24        United States Marshal shall, if necessary, use the information provided to attempt to
25        serve the summons and Complaint on Defendants Dr. Raymond Mondora, Melody
26        Moniora (Health Services Administrator), and Cheryl Galeme (charge nurse). The
27        Marshal shall provide Plaintiff with a Form USM-285 (without listing Defendants
28

1 contact information) indicating whether service was effected.

2     6.     Plaintiff shall file the Form USM-285 within ten days after receiving it from the United States Marshal.

**IT IS FURTHER ORDERED** that if the United States Marshal's Service is unable to serve Defendants Dr. Raymond Mondora, Melody Moniora (Health Services Administrator), and Cheryl Galeme (charge nurse), and Plaintiff wishes to have service attempted again, a motion must be filed with the court specifying a more detailed name and/or address for said defendants, or whether some other manner of service, such as service by publication, should be attempted.

**IT IS FURTHER ORDERED** that insofar as Defendant Deputy Chief John Dixon was added as a party to this action, the Clerk of the Court shall send Plaintiff a USM-285 form, one copy of the complaint and this order. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant Dixon was served.

DATED this 4th day of October, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

- 5 -