UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NATHANIEL JOHNSON, #927305 | ) ) ) | |
| Plaintiff, | ) ) | 2:11-cv-00291-JCM-GWF |
| vs. | ) ) | **ORDER** |
| CHERYL, *et al.*, | ) ) | |
| Defendants. | ) | |

Presently before the court is defendant Jim Dixon's motion to dismiss plaintiff Nathaniel Johnson's second amended complaint. (Doc. #85). Plaintiff's opposition was due on March 17, 2012. Plaintiff failed to file an opposition. On April 9, approximately three weeks after the deadline passed, defendant Dixon filed a notice of non-opposition, informing the plaintiff that his failure to oppose the motion may result in the granting of the motion. (Doc. #93). To date, while plaintiff has actively litigated his suit against other defendants, he has failed to oppose defendant Dixon's motion to dismiss.

Pursuant to Local Rule 7-2(b), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In light of the plaintiff's failure to respond and weighing the factors identified in *Ghazali*, the court finds dismissal appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Dixon's motion to dismiss (doc. #85) be, and the same hereby is, GRANTED.

Defendant Jim Dixon shall be dismissed from this suit.

DATED May 3, 2012.

_____
UNITED STATES DISTRICT JUDGE

2