UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NATHANIEL JOHNSON, )
     #927305 )
 )
          Plaintiff, )   2:11-cv-00291-JCM (CWH)
 )
vs. )
 )   **ORDER**
CHERYL, *et al.*, )
 )
          Defendants. )
                                                    /

Presently before the court is defendant Lieutenant Ronna Wiseman's motion for summary judgment. (Doc. #83). Plaintiff Nathaniel Johnson has filed an opposition (doc. #89), to which Lt. Wiseman has replied (doc. #91).

**I.     Background**

Plaintiff, who was previously incarcerated at Clark County Detention Center ("CCDC"), alleges that on December 24, 2010, he was arrested and brought to CCDC, wherein he failed to receive necessary medical treatment in violation of his constitutional rights. Specifically, plaintiff alleges that he arrived to CCDC with a pre-existing injury to his pinky finger. The finger had been dislocated as a result of a fight plaintiff was involved in approximately two months prior to his arrest.

After arriving to CCDC, plaintiff alleges that the intake nurse referred him to University Medical Center ("UMC") for what she thought was an infected pinky finger. An x-ray at UMC disclosed that plaintiff's finger was dislocated. A UMC doctor informed plaintiff that the finger had started to heal and that immediate surgery was necessary to prevent permanent damage. Surgery was scheduled for the following week.

Plaintiff's surgery never took place. Plaintiff alleges that the medical staff at CCDC informed him that they would not authorize the surgery due to financial considerations. On January 26, 2011, plaintiff was referred to Dr. Jones, a hand specialist. Dr. Jones informed plaintiff that plaintiff was at risk of losing use of the pinky finger and may suffer long-term arthritis.

Plaintiff then began submitting grievances through the administrative channels available to him at CCDC. After submitting grievances to the appropriate sergeants, plaintiff addressed his grievances to lieutenants, in an effort to work his way through the chain of command. Mot. Summ. J., Ex. B at 46:2-3, Deposition of Nathaniel Johnson; Ex. I Grievance. His first grievance was dated January 25, 2011, and was received by correctional staff on February 1, 2011. This grievance was drafted prior to plaintiff's consultation with Dr. Jones. Plaintiff's grievance explains that the UMC doctors recommended surgery but that the medical staff at CCDC refused surgery due to financial concerns. Ex. B at 42:19-45:11; Ex. I.

The following day, on January 26, 2011, after plaintiff met with Dr. Jones and learned of the possible long-term effects on his hand, he added a post-script note in his grievance informing CCDC of the long-term prognosis provided by Dr. Jones regarding losing use of the finger and contracting arthritis. Ex. B at 44:10-14; Ex. I.

Upon review of plaintiff's grievance, Lt. Wiseman contacted the medical administrator at CCDC. Lt. Wiseman was informed that plaintiff's hand surgery was in the process of being scheduled. On February 2, 2011, a day after receiving the grievance, Lt. Wiseman notified plaintiff that an appointment with a hand specialist was being scheduled and that plaintiff's medical needs were being attended to with due diligence. Lt. Wiseman also advised plaintiff that it was within his prerogative to motive forward

2

1  with a civil suit to seek any additional redress. Ex. B at 45:14-21; Ex. I.

2      Plaintiff alleges that Lt. Wiseman "interfered with and denied prescribed medical treatment that
3  resulted in permanent damage and disability to plaintiff." Amended Compl., p. 2 ¶ 5. Specifically,
4  plaintiff contends that Lt. Wiseman's actions in processing and responding to the grievance were
5  deliberately indifferent to plaintiff's medical needs and therefore in violation of his Fourteenth
6  Amendment rights. Plaintiff further alleges that Lt. Wiseman was negligent in her response to plaintiff's
7  grievance and said negligence was a proximate cause of the permanent damage and injury resulting to
8  plaintiff.

9  **II.    Discussion**

10      *A.    Standard of Review*

11      Summary judgment is appropriate when, viewing the facts in the light most favorable to the
12  nonmoving party, there is no genuine issue of material fact which would preclude summary judgment
13  as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); Fed. R. Civ. P. 56(c);
14  *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *T.W. Elec. Serv., Inc. v.*
15  *Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir.1987). The purpose of summary judgment
16  is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial."
17  *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d
18  1401, 1405 (9th Cir. 1985).

19      The moving party bears the burden of informing the court of the basis for its motion, together
20  with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*,
21  477 U.S. 317, 323 (1986). Once the moving party has satisfied its burden, it is entitled to summary
22  judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories,
23  or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477
24  U.S. 317, 324; Fed. R. Civ. P. 56(c).

25  . . .

26  . . .

B. *Analysis*

    1. <u>Fourteenth Amendment Claim Against Lt. Wiseman as an Official of LVMPD</u>

To support his Fourteenth Amendment claim against Lt. Wiseman in her official capacity, plaintiff must establish that Lt. Wiseman, or the entity she represents, enacted and implemented policies or customs that violated federal law. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A direct causal link between the policy or custom and the constitutional deprivation must exist. *Tate v. Lau*, 865 F. Supp. 681, 689 (D. Nev. 1994).

Plaintiff has produced no evidence, or even alleged in his complaint or argued in his opposition memorandum, that a policy or custom exists that is violative of federal law. Accordingly, Lt. Wiseman is entitled to summary judgment as to the Fourteenth Amendment claim against her in her official capacity.

    2. <u>Fourteenth Amendment Claim Against Lt. Wiseman Individually</u>

To maintain a 42 U.S.C. § 1983 claim against Lt. Wiseman in her individual capacity, plaintiff must establish that Lt. Wiseman was deliberately indifferent to plaintiff's medical needs. Deliberate indifference requires that plaintiff establish that Lt. Wiseman knew of, and disregarded, an excessive risk to plaintiff's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Such a standard requires more than medical malpractice or even gross negligence, *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and inadvertence, by itself, is insufficient to establish a deliberate indifference suit under § 1983. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992), *overruled on other grounds, WMX Techs. Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). Lt. Wiseman must have knew of, and disregarded an excessive risk to plaintiff's health and safety. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2003). Additionally, courts in this district have previously explained, "in order to prove a claim of deliberate indifference to a serious medical need based on an alleged delay of interference with medical treatment, a prisoner must show that he suffered substantial harm by the delay. *Turner v. Co. of Washoe*, 759 F. Supp. 630, 636 (D. Nev. 1991).

1       Assuming that plaintiff had a serious medical need that required Lt. Wiseman's attention, there
2 is no evidence to support an inference that Lt. Wiseman was deliberately indifferent to the medical need.
3 No evidence supports a conclusion that Lt. Wisemen knew of, or should have known of, any medical risk.
4 *See Clement*, 298 F.3d at 904. Indeed, the evidence establishes that within a day of learning of plaintiff's
5 grievance, Lt. Wiseman spoke to the healthcare administrators at CCDC and was informed that steps were
6 being taken to ensure plaintiff received appropriate medical attention, including an appointment with a
7 hand specialist. Ex. B, Johnson Depo, 45:14-21; Ex. D, Wiseman Decl. ¶ 5. Summary judgment in favor
8 of Lt. Wiseman is appropriate.

9               3.     <u>Negligence Claim Against Lt. Wiseman</u>

10       For similar reasons, there is no genuine issue of material fact regarding whether Lt. Wiseman was
11 negligent. To prevail in a claim for negligence, plaintiff must establish that Lt. Wiseman (1) owed
12 plaintiff a duty of care, (2) breached that duty, such that she (3) caused (4) damages. *See Turner v.*
13 *Mandalay Sports Ent.*, 180 P.3d 1172, 1175 (Nev. 2008).

14       As explained above, the evidence establishes that Lt. Wiseman promptly investigated and
15 responded to plaintiff's complaint. She was told that the medical staff was attending to plaintiff's needs
16 and were in the process of securing an appointment with a hand specialist. There is no evidence that Lt.
17 Wiseman breached any duty such that she acted unreasonably resulting in damages to plaintiffs. Again,
18 Lt. Wiseman is entitled to summary judgment as to this claim.

19 **III.   Conclusion**

20       As explained above, plaintiff has failed to produce any evidence establishing a genuine dispute
21 of material fact. As a result, this court must enter summary judgment in favor of Lt. Wiseman.

22 . . .
23 . . .
24 . . .
25 . . .
26 . . .

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Lt. Wiseman's motion for summary judgment (doc. #83) be, and the same hereby is, GRANTED.

The clerk of the court shall enter judgment in favor of Lt. Wiseman as appropriate.

DATED May 4, 2012.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE