UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NATHANIEL JOHNSON,  )
    #927305                        )
                                   )
        Plaintiff,                 )     2:11-cv-00291-JCM (CWH)
                                   )
vs.                                )
                                   )     **ORDER**
CHERYL, *et al.*,                  )
                                   )
        Defendants.                )
_____/

Presently before the court is defendant Lieutenant Ronna Wiseman's motion for attorneys' fees pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988. Doc. #100. Lt. Wiseman requests nearly $30,000 from plaintiff Nathaniel Johnson, a prisoner proceeding *in propria persona* and *in forma pauperis* in this civil rights action. Lt. Wiseman has incurred these tens of thousands of dollars in fees as a result of a relatively short-lived litigation. The court's docket reflects that, in addition to usual strategizing and conducting of factual inquiries, Lt. Wiseman's attorneys deposed Mr. Johnson, challenged his motion to amend his complaint, and filed a motion for summary judgment.

Mr. Johnson has filed an opposition to the motion for attorneys' fees (doc. #101), to which Lt. Wiseman has replied (doc. #102).

1    The "American rule" is that, in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240 (1975). Congress has provided for the award of attorney's fees to the prevailing party in civil rights actions brought under § 1983. *See* 42 U.S.C. § 1988. The legislative intent supporting § 1988 was to "attract competent counsel to prosecute civil rights cases, where 'victims ordinarily cannot afford to purchase legal services at the rates set by the private market.'" *See Mendez v. Co. of San Bernadino*, 540 F.3d 1109, 1126 (9th Cir. 2008) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986) (plurality opinion)). Accordingly, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks omitted)). Thus, and award of fees is the rule, as opposed to the exception.

    Where, as here, a prevailing defendant is seeking an award of attorneys' fees, a different standard prevails. In this converse scenario, "fees may be awarded against an unsuccessful plaintiff only if his action is 'meritless in the sense that it is groundless or without foundation.'" *Mitchell v. Los Angeles Comm. College Dist.*, 861 F.2d 198, 202 (9th Cir. 1988) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)); *see also Dooley v. Reiss*, 736 F.2d 1392, 1396 (9th Cir.), cert. denied, 469 U.S. 1038 (1984). Thus, "only in exceptional cases should defendants be awarded attorneys' fees in civil rights cases." *See id.* Here, a grant of attorneys' fees is the exception to the rule.

    Lt. Wiseman strongly condemns Mr. Johnson's decision to name her in his lawsuit, contending that there was no evidence that showed Lt. Wiseman was deliberately indifferent to Mr. Johnson's medical needs or that she was aware of any medical risks to Mr. Johnson. While it is true that the court ultimately found in Lt. Wiseman's favor, the court does not find that Mr. Johnson's suit was "groundless or without foundation." *See id.* Therefore, the court finds it appropriate to deny Lt. Wiseman's request for approximately $30,000 in fees.

. . .

. . .

. . .

1    Accordingly,

2    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Lt. Wiseman's

3 motion for attorneys' fees (doc. #100) be, and the same hereby is, DENIED.

4    DATED June 11, 2012.

```
                                    _____
                                    UNITED STATES DISTRICT JUDGE
```