

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NATHANIEL JOHNSON, #927305<br><br>             Plaintiff,<br><br>vs.<br><br>CHERYL, *et al.*,<br><br>             Defendants. | 2:11-cv-00291-JCM (CWH)<br><br>**ORDER** |

Presently before the court is plaintiff Nathaniel Johnson's motion for entry of clerk's default, (doc. #106) and motion for default judgment (doc. #107).

Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. . ." Fed. R. Civ. P. 55. Obtaining a default judgment entails two steps: "first, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006). Where a party has not been properly served, there is not basis for a court to enter default judgment. *See*

1  *Fairly v. Potter*, 2003 WL 402261, *4 (N.D. Cal. 2003).

2  The record before this court does not reflect that the defendants have been served. Rather, plaintiff has recently filed a motion seeking to effect service of process by publication. Doc. #92. Until plaintiff serves these defendants, there is no basis for either clerk's entry of default or default judgment.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for entry of clerk's default (doc. #106) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for entry of default judgment (doc. #107) be, and the same hereby is, DENIED.

DATED July 16, 2012.

_____
UNITED STATES DISTRICT JUDGE