1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                                DISTRICT OF NEVADA

9                                      * * *

10    NATHANIEL JOHNSON, #927305,              )
                                               )
11              Plaintiff,                      )        2:11-cv-00291-JCM-CWH
                                               )
12    vs.                                       )
                                               )        **O R D E R**
13    CHERYL, *et. al.,*                        )
                                               )
14              Defendants.                     )
      _____ )

15

16          This matter is before the Court on Plaintiff's Motion for Process of Service (#88), filed

17    March 1, 2012.  The Court will also consider Plaintiff's Motion for Service by Publication (#92),

18    filed April 5, 2012, and Plaintiff's Motion to Extend Time for Service (#111), filed July 30, 2012.

19          By way of his motion (#88), Plaintiff requests that the Court issue summons to Defendant

20    Roy Adkins and Defendant Michael See and that the United States Marshal effectuate service of the

21    summons and complaint.  Based on a review of the docket, it does not appear that summons has been

22    issued for Defendants Adkins or See.  Because Plaintiff's request to proceed *in forma pauperis* was

23    granted (#18), he is entitled to rely on the United States Marshal for service of process.  *See* Fed. R.

24    Civ. P. 4(c)(3).  Thus, Plaintiff's request that summons be issued as against Defendants Adkins and

25    See will be granted and the United States Marshal ordered to complete service.

26          It also appears that the United States Marshal has had difficulty serving several other

27    defendants.  As such, Plaintiff filed a motion (#111) requesting an extension of time to effectuate

28    service under Rule 4(m).  As previously noted, Plaintiff is proceeding in this matter *in forma*

      *pauperis* and is entitled to rely upon the United States Marshal for service of the summons and

1   complaint.  *See* Fed. R. Civ. P. 4(c)(3); *see e.g., Walker v Sumner*, 14 F.3d 1415, 1422 (9th Cir.

2   1994) ("an incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S.

3   Marshal for service of the summons and complaint and ... should not be penalized ... where the U.S.

4   Marshall or the court clerk has failed to perform his duties.") (citation and quotation omitted).  The

5   failure to serve a defendant within 120 days after the complaint is filed requires that a court dismiss

6   the action without prejudice against the unserved defendant or require service to be accomplished

7   within a specified time.  *See* Fed. R. Civ. P. 4(m).  Nevertheless, if the plaintiff shows "good cause

8   for the failure, the court must extend the time for service an appropriate period."  *Id*.

9        "Courts have discretion under Rule 4(m) ... to extend the time for service."  *In re Sheehan,*

10   253 F.3d 507, 513 (9th Cir.2001).  "Courts must apply considerable leeway when assessing whether

11   a pro se civil rights litigants' failure to comply strictly with time limits ... should be excused for good

12   cause."  *McGuckin v. Smith,* 974 F.2d 1050, 1058 (9th Cir.1992), *rev'd on other grounds* (internal

13   quotation marks omitted).  Because litigants proceeding *in forma pauperis* must rely on the Marshal

14   for service, "delays in service attributable to the Marshal automatically constitute 'good cause'

15   preventing dismissal under Rule 4(m)." *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir.1995); *but*

16   *see Walker*, 14 F.3d at 1421-22 (where a pro se plaintiff fails to provide the U.S. Marshal with

17   accurate and sufficient information to effect service of the summons and complaint, dismissal is

18   appropriate).

19        Here, as before, the Court has little difficulty finding that there is good cause for an extension

20   to complete service.  Plaintiff has been diligent in his efforts to effectuate service and to keep the

21   Court aware of developments in this case.  Accordingly, the Court will grant Plaintiff an additional

22   60 days from the date of this order to effectuate service.  As a result, motion (#92) is moot.

23   However, if the Marshal's are unable to effectuate service or Defendants continue to evade service,

24   the Court will reconsider the question of whether to permit service by publication.

25        The Court remains concerned that the United States Marshal has been unable to effectuate

26   service on Dr. Raymond Mondora, Melody Moniora, and Cheryl Galeme.  In its prior order (#57),

27   the Court instructed the United States Marshal to again attempt to effectuate service.  It also

28   instructed the Marshal's office to serve the custodian of records for NaphCare, Inc. with a subpoena

1    *duces tecum* requiring the disclosure of Dr. Raymond Mondora, Melody Moniora, and Cheryl

2    Galeme's last known addresses and phone numbers to the Marshal so it may again attempt service

3    on the unserved defendants.  Unfortunately, the Court has not been provided with any information

4    regarding the status of these efforts to serve the named defendants.  Thus, the Court will require the

5    United States Marshal to provide a detailed, written report regarding all efforts at effectuating service

6    in this case.

7        Based on the foregoing and good cause appearing therefore,

8        **IT IS HEREBY ORDERED** that Plaintiff's Motion for Process of Service (#88) is **granted**.

9        **IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time for Service (#111)

10   is **granted**.

11       **IT IS FURTHER ORDERED** that Plaintiff's Motion for Service by Publication (#92) is

12   **denied as moot**.  In the event the United States Marshal is unable to effectuate service within 60

13   days of this Order, Plaintiff may request that the Court consider service by publication.

14       **IT IS FURTHER ORDERED** that the Clerk of court shall issue summons for Defendants

15   Roy Adkins and Defendant Michael See, and deliver same, along with two copies of the complaint

16   (#80), to the United States Marshal for service.  The Clerk shall send to Plaintiff two (2) USM-285

17   forms, one copy of the complaint and a copy of this order.  Plaintiff shall have thirty (30) days in

18   which to furnish to the United States Marshal the required Forms USM-285.  Within twenty (20)

19   days after receiving from the United States Marshal a copy of the Form USM-285 showing whether

20   service has been accomplished, Plaintiff must file a notice with the court identifying which

21   defendants were served and which were not served, if any.  If Plaintiff wishes to have service again

22   attempted on an unserved defendant, then a motion must be filed identifying the unserved defendant

23   and specifying a more detailed name and/or address for said defendant.

24       **IT IS FURTHER ORDERED** that Plaintiff shall have an additional 60 days from the date

25   of this order to effectuate service on all unserved Defendants.

26       **IT IS FURTHER ORDERED** that the Clerk shall provide a copy of this Order and the

27   Court's prior Order (#57) to the United States Marshal.  The United States Marshal shall provide a

28

1  detailed, written report of all efforts made to effectuate service in this case and to comply with the

2  Court's prior Order (#57) within fourteen (14) days of this order.

3          DATED this 19th day of September, 2012.

4

5                                                  _____
                                                   C.W. Hoffman, Jr.
6                                                  United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -