UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

NATHANIEL JOHNSON,

    Plaintiff,

vs.

CHERYL, *et. al.,*

    Defendants.

2:11-cv-00291-JCM-CWH

**O R D E R**

This matter is before the Court on Defendant Michael See's Motion to Stay (#124), filed November 16, 2012; Plaintiff's Response (#127), filed November 28, 2012; and Defendant's Reply (#129), filed December 5, 2012. The Court also considers Plaintiff's Motion to Attempt Service (#128), filed December 4, 2012.

**BACKGROUND**

Plaintiff filed his complaint, along with a petition for leave to proceed *in forma pauperis*, on February 23, 2011.[1] (#1). The Court entered its screening order on April 22, 2011. (#18). As a result of the screening, the Court found that Plaintiff had adequately stated "an Eighth Amendment medical claim against Dr. Mondora, nurse Cheryl, [Health Services Administrator Melody, and Lt. Wiseman." *See* Screening Order (#18) at 5:25-26. The claims against Defendants Naphcare, Inc., Clark County, and Sheriff Doug Gillespie were dismissed. *Id*. at 6:6-18. Consistent with the screening order, Plaintiff furnished the United States Marshal with four (4) USM-285 forms for purposes of aiding with service of the complaint and summons. On May 12, 2011, the United States Marshal's Service ("USMS') filed four (4) USM returns. The returns indicated that Defendants Mondora, Melody, and Cheryl were not served with a copy of the summons and complaint because they were not employees of Las Vegas Metropolitan Police Department. *See* (#22), (#23), and (#25).

---

[1] At the time this lawsuit was initiated, Plaintiff was incarcerated. He has subsequently been released and is currently residing at a halfway house in Reno, Nevada.

The USMS was able to accomplish service of the summons and complaint on Defendant Wiseman. (#24).[2]

Within just a few days of filing of the USM returns, Plaintiff filed a motion requesting that the USMS make an additional attempt at serving the unserved defendants. (#26). The motion was denied, but Plaintiff was given an "additional 120 days to conduct an investigation so as to determine the identities and addresses of the unserved defendants." *See* Order (#37) at 2:24-26. Thereafter, on July 11, 2011, Plaintiff filed an addition motion for service of process on the unserved defendants as well as others. (#40). The Court granted the motion as to Defendants Raymond Mondora, Melody Molinora, and Cheryl Galeme, noting that "[s]ervice of these individuals was previously attempted but not completed because Plaintiff failed to provide sufficient identifying information." *See* Order (#46) at 1:23-26. The requested service of previously unidentified defendants was denied and Plaintiff instructed to amend his complaint to the extent he sought to add parties. As a result of the order (#46), Plaintiff was instructed to furnish the USMS with three additional USM-285 forms with the updated information. Plaintiff was also instructed to file notice with the Court within 20 days after receiving notice from USMS if service was accomplished. *Id*. at 2:15-20.[3]

On September 8, 2011, Plaintiff's motion to amend his complaint to add the full names of the previously unknown defendants was granted. *See* Order (#50). On that same day, Plaintiff filed his third motion for service of process. (#52). Subsequently, on September 28, 2011, Plaintiff filed a motion for an extension of time to complete service. (#55). The Court granted Plaintiff's request for an extension of time to complete service. The Court, expressing its concern at the growing delay in effectuating service, ordered that the USMS again attempt service based on the information provided by Plaintiff. Additionally, the Court instructed the Clerk of Court to issue a subpoena duces tecum to non-party Naphcare, Inc. requiring the disclosure of the last known address and telephone numbers of the unserved defendants identified as its employees. The disclosures were to be made under seal directly to the USMS, assuming an objection was not filed within fourteen (14)

---

[2] Defendant Wiseman filed his answer on May 25, 2011. (#27).

[3] This case was reassigned to the undersigned Magistrate Judge on August 15, 2011. (#47).

- 2 -

days of receipt. The USMS was instructed to serve the subpoena on Naphcare, Inc.'s registered agent as listed with the Nevada Secretary of State. The Court also instructed the Clerk of Court to send Plaintiff an additional USM-285 form to be completed and submitted to the USMS to allow for service of newly named defendant John Dixon. *See* Order (#57). The subpoena duces tecum was issued by the Clerk of Court on October 4, 2011. (#58). It remains unclear whether the subpoena was ever properly served.

Shortly after the Court's order (#57), Plaintiff filed another motion to amend his complaint. (#61) seeking clarification regarding Defendant See. Noting that Defendant See was listed as a named defendant in the prior amended complaint, the motion was denied as moot. *See* Order (#62). Plaintiff then filed another motion to amend his complaint (#64), which was denied without prejudice for failure to comply with the appropriate Local Rule.[4] *See* Order (#71). Subsequently, Plaintiff renewed his motion to amend (#74), which was granted.[5] *See* Order (#79).

The amended complaint (#80) names the following as defendants: Jim Dixon, Melody Molinora, Raymond Mondora, Ronna Wiseman, Michael See, Cheryl Galante, and Roy Adkins. On February 10, 2012, proof of service was filed as to Defendant Jim Dixon, meaning that of the seven named defendants only Defendants Dixon and Wiseman had been served.[6] Within days of Defendant Dixon being served, he filed a motion to dismiss pursuant to Rule 12(b)(6) through his counsel. (#85). Defendant Wiseman filed a motion for summary judgment (#83), also through counsel.[7] Both motions were granted. *See* Order (#96) and (#97).

Prior to the motions being granted, Plaintiff filed an additional motion requesting the status

---

[4] Prior to issuing its order, Plaintiff filed a letter addressed to the Clerk's office requesting that a summons be issued to Defendant Jim Dixon, consistent with the Court's order (#57). The Clerk's office issued the summons on November 10, 2011. (#69). On that same day, Defendant Ronna Wiseman filed an answer. (#70).

[5] Just prior to the Court issuing its order (#79), Plaintiff filed a "notice of concern" outlining his concerns regarding the continued inability to serve certain defendants and his belief that such service was being purposefully evaded. (#78).

[6] *See* (#24) and (#82).

[7] Both Defendants Dixon and Wiseman are represented by attorney Seetal Tejura of the law firm of Alverson, Taylor, Mortensen & Sanders.

- 3 -

of service as to Defendants See and Adkins. (#88). Plaintiff also filed another letter indicating that he still had not received any word from the USMS regarding service of Defendants Mondora, Molinora, or Galante. (#90). He also filed a motion requesting service be made by publication as to these three defendants (#92) and a motion to extend time for service (#111).[8] Ultimately, the Court granted Plaintiff's motion (#88) and ordered service of the summons and complaint be made by the USMS on Defendants See and Adkins. *See* Order (#113) at 1:19-25. The Court also granted Plaintiff's motion (#111), finding that there was good cause to extend the time to complete service under Rule 4(m).[9] The undersigned expressed his concern regarding the continued inability to effectuate service based on what appears to be a concerted effort to evade service. Having received no report regarding its prior order (#57), the Court ordered that the USMS submit a detailed, written report regarding its service efforts on the unserved defendants. *See* Order (#113) at 3:26-4:2.

As a result of the Court's order (#113), summons were issued as to Defendants Adkins and See. (#114). Proof of service was filed as to Defendant See on October 31, 2012. (#117). Defendant See filed a motion to dismiss on November 12, 2012, which is pending. (#119). On November 12, 2012, just prior to Defendant See filing his motion to dismiss, Plaintiff filed another motion requesting a status check regarding the Court's order (#113). *See* Pl.'s Mot. (#118). Plaintiff indicated that he had not received notification from the USMS regarding its continued efforts to serve the unserved defendants. The Court granted Plaintiff's request for a status hearing and set a hearing for December 7, 2012, requiring Plaintiff, defense counsel, and a representative of the USMS to appear.[10] *See* Min. Order (#123).

Prior to the scheduling hearing, Defendant See filed a motion to stay discovery until a decision is rendered on his pending motion to dismiss arguing that staying discovery is appropriate because his motion to dismiss is virtually identical to the motion to dismiss previously filed and granted as to Defendant Dixon. *See* Def.'s Mot. (#124). Plaintiff indicated that his response to

---

[8] Although unaffected by Plaintiff's motion, counsel for Defendants Wiseman and Dixon filed an opposition to the request for service by publication. (#94).

[9] Plaintiff's motion (#92) was denied as moot based on the 60-day extension to effectuate service.

[10] Given that he was incarcerated, Plaintiff was granted permission to appear telephonically.

- 4 -

Defendant's motion to dismiss (#127) also contained a response to the motion to stay (#124). Nevertheless, after review, it does not appear the response (#127) contains a response to the request to stay. Thus, the Court finds the motion to stay is unopposed.

Also prior to the scheduled hearing, Plaintiff was released from state custody. He currently resides at a home in Reno, Nevada. Around the time of his release, Plaintiff filed yet another motion to attempt service on Defendant Adkins. (#128). It appears that when attempting service, the United States Marshal was informed that nobody by the name of Adkins was employed at the Clark County Detention Center. *See* (#125). To support his argument that Adkins is attempting to avoid service, Plaintiff has attached a copy of a grievance signed by Sergeant Adkins and listing his badge number. *See* Ex. attached to Pl.'s Mot. (#128). The request for additional time to serve is not opposed by any party.

## DISCUSSION

**1. Defendant Michael See's Motion to Stay Discovery (#124)**

Defendant See requests that the Court stay discovery because his motion to dismiss (#119) "will likely dismiss most, if not all, of Plaintiff's claims against him." *See* Pl.'s Mot. (#124) at 5: 12-13. He further argues that the stay is appropriate because his motion is similar to Defendant Dixon's motion to dismiss (#85), which was granted. *See* Order (#96). Plaintiff did not file an opposition to the requested stay.

Courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011), the court undertook a detailed and thorough review of the state of the law as pertains to staying discovery when a dispositive motion is pending concluding that, in light of the directive in Rule 1 to construe the Federal Rules of Civil Procedure in a manner to "secure the just, speedy, and inexpensive determination of every action," the preferred approach remains as was previously set forth in *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554 (D. Nev. 1997). Generally, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting*, 175 F.R.D. at 554, 555-6 (quoting *Twin City*, 124 F.R.D. at

1  653). The party seeking a stay of discovery "carries the heavy burden of making a strong showing
2  why discovery should be denied." *Tradebay*, 278 F.R.D. at 601 (citing *Turner Broadcasting*, 175
3  F.R.D. at 556. An overly lenient standard for granting requests to stay results in unnecessary delay
4  in many cases. Courts insist on a particular and specific demonstration of fact as opposed to merely
5  conclusory statements that a stay is warranted. *Twin City*, 124 F.R.D. at 653.

6  Defendant's motion leaves much to be desired. It would be difficult to conclude that the
7  heavy burden to demonstrate why discovery should be stayed is met based solely on the contents of
8  Defendant's motion. However, after reviewing the entire record, the Court is concerned by the pace
9  at which this case is progressing. Several defendants remain unserved and it appears they may be
10 actively trying to avoid service. The result has been that the litigation has proceeded in a piecemeal,
11 inefficient manner. Thus, in order to reduce costs and increase efficiency, the Court finds that a stay
12 of discovery is appropriate while Plaintiff continues his attempt to serve the remaining defendants.
13 The stay is limited to discovery and will correspond in temporal scope to the Rule 4(m) extension
14 discussed below.

15 **2. Plaintiff's Motion to Attempt Service (#128)**

16 As has been set forth, Plaintiff has encountered substantial difficulty completing service in
17 this matter. Indeed, this matter is nearly two-years old and Plaintiff is still trying to properly serve
18 all of the defendants. According to Plaintiff, the difficulty in accomplishing service is not his fault.
19 He claims that the service attempts have been met with significant resistance and that each of the
20 unserved defendants is aware of the lawsuit but is actively avoiding service. Because of this
21 difficulty, Plaintiff requests an additional extension, unspecified in length, under Rule 4(m) to
22 complete service. As noted in prior orders, Plaintiff is proceeding *in forma pauperis* and is entitled
23 to rely on the United States Marshal for service of process. *See* Fed. R. Civ. P. 4(c)(3); *see e.g.,*
24 *Walker v Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) ("an incarcerated pro se plaintiff proceeding
25 in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint
26 and ... should not be penalized ... where the U.S. Marshall or the court clerk has failed to perform
27 his duties.") (citation and quotation omitted).

28 Generally, under Rule 4(m), failure to serve a defendant within 120 days after the complaint

- 6 -

is filed requires that a court dismiss the action without prejudice against the unserved defendant or require service to be accomplished within a specified time. *See* Fed. R. Civ. P. 4(m). "Courts have discretion under Rule 4(m) ... to extend the time for service." *In re Sheehan,* 253 F.3d 507, 513 (9th Cir.2001). "Courts must apply considerable leeway when assessing whether a pro se civil rights litigants' failure to comply strictly with time limits ... should be excused for good cause." *McGuckin v. Smith,* 974 F.2d 1050, 1058 (9th Cir.1992), *rev'd on other grounds* (internal quotation marks omitted). Because litigants proceeding *in forma pauperis* must rely on the Marshal for service, "delays in service attributable to the Marshal automatically constitute 'good cause' preventing dismissal under Rule 4(m)." *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir.1995); *but see Walker*, 14 F.3d at 1421-22 (where a pro se plaintiff fails to provide the U.S. Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal is appropriate). Nevertheless, if the plaintiff shows "good cause for the failure, the court must extend the time for service an appropriate period." *Id*. Even absent good cause, the Court may extend the time for service and may do so retroactive to the expiration of the service period. *See Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)

Plaintiff's difficulty encountered in serving the defendants is not unusual. The Court has been very lenient in granting Plaintiff additional time to serve the defendants. However, the attempts at service cannot go on indefinitely. It is incumbent upon the Plaintiff to provide accurate and sufficient information to allow the USMS to effect service. *See Walker*, 14 F.3d at 1421-22. The Court previously extended the date for service to November 18, 2012. *See* Order (#113). Plaintiff was able to serve Defendant See (#115), but the summons was returned unexecuted as to Defendant Adkins. *See* (#125). The unexecuted summons indicates that the USMS was informed that there was nobody employed by the name of Adkins with a badge number 2994. *Id*. Plaintiff has attached a copy of his submitted grievance, which was signed by a "Sgt. Adkins" with badge number 2994. *See* Ex. 1 attached to Pl.'s Mot. (#125). Consequently, the Court will grant Plaintiff an additional 120 days to effectuate service on Defendant Adkins. The extension applies retroactively and should be measured from November 18, 2012, giving Plaintiff until March 18, 2013 to accomplish service.

1  In addition to Defendant Adkins, Plaintiff still has been unable to effectuate service on Dr.
2  Raymond Mondora, Melody Moniora, and Cheryl Galeme. The Court has previously extended the
3  time for service on these defendants, and even granted Plaintiff's request for a Rule 45 subpoena
4  (#57) and instructed the USMS to serve the subpoena on the custodian of records for NaphCare, Inc.
5  *See* (#58). The subpoena duces tecum required the disclosure of the last known address and contact
6  information for Defendants Mondora, Monior, and Galeme.

7  The authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is
8  subject to limitations. *Alexander v. California Dep't of Corrections*, 2010 WL 5114931 (E.D. Cal).
9  Because personal service of a subpoena duces tecum is required under Rule 45(b), "[d]irecting the
10  Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the
11  court." *See Frazier v. Redding Police Dep't*, 2012 WL 5868573 (E.D. Cal.) citing *Austin v. Winett*,
12  2008 WL 5213414 (E.D. Cal.). "Limitations include the relevance of the information sought as well
13  as the burden and expense to the non-party in providing the requested information." *Id*. (citations
14  omitted). Normally, a motion for issuance of subpoena duces tecum should clearly identify the
15  documents sought and show that the records are only obtainable through the identified third-party.
16  *Id*. Non-parties are "entitled to have the benefit of [the] Court's vigilance" in ensuring the non-party
17  does not suffer excessive or unusual expenses in complying with a subpoena duces tecum. *Id*. (citing
18  *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991)).

19  It is unclear whether the previously issued subpoena duces tecum was personally served on
20  the registered agent for Naphcare, Inc. Nevertheless, the Court did approve the issuance and also
21  approved service of the subpoena by the USMS. Owing to the uncertainty regarding personal service
22  of the subpoena, the Court will require the USMS to once again serve the previously issued subpoena
23  duces tecum (#58). Service must be personally made on Naphcare, Inc.'s registered agent, whose
24  address is listed on the subpoena. The Marshal is further instructed to file proof of service with the
25  Court. The Court expressly finds that this order constitutes notice to all other parties of the
26  subpoena. *See* Fed. R. Civ. P. 45(b)(1).

27  Finally, although district courts have broad discretion to extend time for service under Rule
28  4(m), "no court has ruled that the discretion is limitless." *Efaw v. Williams*, 473 F.3d 1038, 1041

(9th Cir. 2007). Thus, Plaintiff is also invited to file a motion for service by publication. Plaintiff is informed, however, that there is no provision in the *in forma pauperis* statute which provides for the Court or the United States Marshal to pay the costs associated with service by publication." *See Zaritsky v. Crawford*, 2008 WL 2705488 *2 (D. Nev.) (citation omitted).

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Michael See's Motion to Stay (#124) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Attempt Service (#128) is **granted**. Plaintiff shall have until March 18, 2013 to complete service on the remaining unserved defendants.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff one USM-285 forms, one copy of the complaint and a copy of this order. Plaintiff shall have twenty-one (21) days in which to furnish to the United States Marshal the required Form USM-285 for service of Defendant Adkins. Within fourteen (14) days after receiving from the United States Marshal a copy of the Form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether Defendant Adkins was served.

**IT IS FURTHER ORDERED** that the Clerk shall provide a copy of this Order and the Court's prior Orders (#113) and (#57) to the United States Marshal. The Clerk shall also provide a copy of the Subpoena Duces Tecum (#58) to the United States Marshal for service.

**IT IS FURTHER ORDERED** that the United States Marshal shall personally serve a copy of the Subpoena Duces Tecum (#58) on the registered agent for Naphcare, Inc. The United States Marshal shall file a proof of service upon completion of service.

DATED this 9th day of January, 2013.

C.W. Hoffman, Jr.
United States Magistrate Judge