UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NATHANIEL JOHNSON,<br>#927305 | )<br>)<br>) | |
| Plaintiff, | )<br>) | 2:11-cv-00291-JCM (CWH) |
| vs. | )<br>) | **ORDER** |
| CHERYL, *et al.*, | )<br>) | |
| Defendants. | )<br>) | |

Presently before the court is defendant's, Captain Michael See, motion to dismiss. (Doc. # 119). Pro se prisoner plaintiff Nathaniel Johnson filed a response in opposition (doc. # 127), and defendant filed a reply (doc. # 130).

**I.     Background**

Plaintiff, who was previously incarcerated at Clark County Detention Center ("CCDC"), alleges that on December 24, 2010, he was arrested and brought to CCDC, wherein he failed to receive necessary medical treatment in violation of his constitutional rights. Specifically, plaintiff alleges that he arrived to CCDC with a pre-existing injury to his pinky finger. The finger had been dislocated as a result of a fight plaintiff was involved in approximately two weeks to two months prior to his arrest.

1    Plaintiff alleges that he submitted a number of grievances through administrative channels
2 available to him at CCDC in order to resolve his pinky injury. Plaintiff alleges that he submitted
3 grievances in a hierarchical fashion through the chain of command–first to sergeants, then to lieutenants,
4 and finally to defendant Captain Michael See. According to plaintiff, defendant See never responded
5 to the grievance. Instead, the grievance was answered by Health Services Administrator Melody
6 Molinora. Plaintiff's causes of action against defendant See stem from his alleged failure to act to rectify
7 plaintiff's situation with his pinky finger.

8    Plaintiff has alleged numerous causes of actions against numerous defendants. Many defendants
9 have already been dismissed by this court in a screening order, and prior orders on motions to dismiss
10 or summary judgments.

11    This motion to dismiss is limited to defendant See. In the amended complaint, plaintiff seeks
12 to hold the defendant liable in his individual and personal capacity for negligence and violations of the
13 Eighth and Fourteenth Amendments.

## II.   Legal Standard

15    A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be
16 granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain
17 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*
18 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual
19 allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
20 of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual
21 allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to
22 survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief
23 that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

24    In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
25 considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in
26 the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere

recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**III.    Discussion**

The court will discuss each of the causes of actions plaintiff has alleged against defendant in turn.

*A.    Negligence*

"A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008).

In the amended complaint, plaintiff has failed to allege that defendant had any duty to respond to the subject grievance. Further, plaintiff has failed to allege that defendant is a medical provider, was employed by the company contracted to provide medical care, or in charge of organizing or facilitating plaintiff's treatment by medical professionals.

1 Even if defendant owed plaintiff a duty, plaintiff has not alleged how defendant breached that
2 duty. Plaintiff has also failed to state how a response by Melody Molinora instead of defendant was a
3 proximate cause of his injuries.

4 Additionally, defendant is immune from plaintiff's state law negligence claim pursuant to NRS
5 41.032. It states in relevant part that "[n]o action may be brought under NRS 41.031 . . . against . . . an
6 officer or employee of the State . . . which is: (1) Based upon an act or omission of an officer, employee
7 or immune contractor, exercising due care, in the execution of a statute or regulation, whether or not
8 such statute or regulation is valid. . . ."

9 Plaintiff has not stated a cause of action against defendant and defendant is also immune. The
10 cause of action for negligence against defendant See is dismissed.

     *B.*     *Eighth Amendment*

The Eighth Amendment prohibits the use of cruel and unusual punishment, among other things. "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40 (1977). "Because pretrial detainees are not convicted prisoners, the rights of those in police custody to receive medical treatment arise under the Due Process Clause of the Fourteenth Amendment." *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996).

In plaintiff's motion to amend the complaint so that he could file the current complaint, plaintiff conceded the following:

> "In his original complaint the plaintiff raised the claim of cruel and unusual punishment under the Eighth Amendment, it has since come to the plaintiff's attention that [ ] is a defective pleading, because at the time of the alleged violations he was a pretrial detainee, and the correct standard for his claims should be brought under the Due Process Clause of the Fourteenth Amendment, and not under the Eighth Amendment."

(Doc. # 74, at p. 2).

Nevertheless, in the amended complaint, plaintiff has re-alleged Eighth Amendment violations. The court finds that plaintiff has not stated a claim against defendant because the Eighth Amendment

applies to pretrial detainees. The cause of action for a violation of plaintiff's Eighth Amendment rights is dismissed against defendant See.

   C.  *Fourteenth Amendment*

Plaintiff has sued defendant See in both his individual and official capacity. The court will address each.

     I.  Official Capacity

To support a Fourteenth Amendment claim against defendant See in his official capacity, plaintiff must establish that defendant See, or the entity he represents, enacted and implemented policies or customs that violated federal law. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A direct causal link between the policy or custom and the constitutional deprivation must exist. *Tate v. Lau*, 865 F. Supp. 681, 689 (D. Nev. 1994).

Plaintiff does not allege any facts that would suggest that defendant See had any role in making or enacting policies related to medical issues at the CCDC. Additionally, plaintiff does not respond to defendant's arguments on this claim. The failure to oppose in response to a motion constitutes consent to the granting of the motion. See LR 7-2(d). The Fourteenth Amendment claim against defendant See in his official capacity is dismissed.

     ii.  Individual Capacity

To maintain a 42 U.S.C. § 1983 claim against defendant See in his individual capacity, plaintiff must establish that defendant See was deliberately indifferent to plaintiff's medical needs. Deliberate indifference requires that plaintiff establish that defendant See knew of, and disregarded, an excessive risk to plaintiff's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Such a standard requires more than medical malpractice or even gross negligence. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

"The test for deliberate indifference consists of two parts." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton

infliction of pain." *Id.* (internal citations and quotations omitted). "Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent." *Id.*

Plaintiff has not alleged any facts that defendant See was aware of his medical needs. Plaintiff's complaint states that Ms. Molinora responded to the subject grievance. It is not even clear that defendant See knew the grievance existed. Plaintiff has not alleged that defendant See even knew of the grievance, much less was deliberately indifferent to the grievance. Even if the court were to assume that defendant See knew of the grievance and directed Ms. Molinora to respond, plaintiff has not alleged or stated any reason why that act would have constituted deliberate indifference.[1]

Plaintiff has failed to state a claim against defendant See in his individual capacity.

## IV. Conclusion

In his amended complaint, plaintiff has not stated a cause of action against defendant See. All of plaintiff's claims against defendant See are dismissed. Further, plaintiff is not entitled to any injunctive relief or punitive damages against defendant See because all of the causes of action against defendant See have been dismissed.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Michael See's motion to dismiss (doc. # 119) be, and the same hereby, is GRANTED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Michael See is dismissed from this action.

DATED April 5, 2013.

                                                     UNITED STATES DISTRICT JUDGE

---

[1] This is all assuming, of course, that plaintiff had a serious medical need.