UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NATHANIEL JOHNSON, #927305 | ) ) ) | |
| Plaintiff, | ) ) | 2:11-cv-00291-JCM (CWH) |
| vs. | ) ) | **ORDER** |
| CHERYL, *et al.*, | ) ) | |
| Defendants. | ) / | |

    Presently before the court is defendants', Melody Molinora and Raymund Mondora, motion to dismiss. (Doc. # 140). Plaintiff filed a response in opposition (doc. # 148), and defendants filed a reply (doc. # 151).

    Also before the court is defendant Michael See's motion for attorney fees. (Doc. # 145). Plaintiff filed a response in opposition (doc. # 152), and defendant See filed a reply (doc. # 154).

    Also before the court is plaintiff's third motion to amend/correct the complaint. (Doc. # 147). Defendants Molinora, Mondora, and See filed a response in opposition (doc. # 153), and plaintiff filed a reply (doc. # 155).

. . .

. . .

## I.  Background

A brief factual background and procedural background are necessary to resolve the pending motion.

### A.  Factual Background

Plaintiff, who was previously incarcerated at Clark County Detention Center ("CCDC"), alleges that on December 24, 2010, he was arrested and brought to CCDC, wherein he failed to receive necessary medical treatment in violation of his constitutional rights. Specifically, plaintiff alleges that he arrived to CCDC with a pre-existing injury to his pinky finger. The finger had been dislocated as a result of a fight plaintiff was involved in approximately two weeks to two months prior to his arrest.

Plaintiff further alleges that he informed both defendant Molinora (a treating nurse) and Mondora (a treating doctor) about the condition of his pinky finger. According to plaintiff, Molinora and Mondora either ignored or purposefully prevented plaintiff from receiving treatment, including surgery, on his pinky.

### B.  Procedural Background

Plaintiff filed his complaint pro se and in forma pauperis on February 22, 2011. On April 22, 2011, this court conducted a screening pursuant to 28 U.S.C. § 1915 and permitted certain claims to proceed forward.

Since that date, plaintiff acting pro se and while in prison, has struggled to successfully prosecute this case. Many of the defendants have been dismissed at either the motion to dismiss or summary judgment state. The court has permitted plaintiff to amend his complaint twice, and plaintiff has further struggled to serve all of the defendants.

In January 2013, plaintiff was released from prison. He moved to Reno, Nevada. Upon moving to Reno, plaintiff has hired an attorney to prosecute his case. Counsel for plaintiff appeared, and, for the first time, counsel has filed motions and oppositions to motions on plaintiff's behalf. Counsel has provided much needed clarification.

## II.   Amend/Dismiss

Shortly after plaintiff hired counsel, defendants Molinora and Mondora filed their motion to dismiss. Plaintiff's counsel filed an opposition to the motion to dismiss contemporaneously with a motion to amend.

*A.   Legal Standard*

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis,* 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

However, a district court should deny a motion to amend where the amendment is an "exercise in futility." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). "[A] proposed amendment is futile if no set of facts can be proved under the amendment that would constitute a valid clam or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Under Rule 15©, "[a]n amendment to a pleading relates back to the date of the original pleading" in three circumstances. First, for all amendments, relation back is permitted if "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Second, relation back is permitted if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

For the third circumstance, the party seeking to amend its complaint must satisfy several showings. Relation back is permitted if " the amendment changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) . . ., the party to be brought in by amendment: (I) received such notice of the action that it will

1 | not be prejudiced on the merits; and (ii) knew or should have known that the action would have been
2 | brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)©;
3 | *see generally Louisiana-Pacific Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434 (9th Cir. 1993) (discussing
4 | Rule 15(c)(1)© prior to the amended current version).

In addition to the Rule 15 requirements, the local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed, amended complaint along with a motion to amend. LR 15-1(a).

      B.    *Discussion*

Both the parties and the court will benefit greatly from the fact that counsel now represents plaintiff. In the motion to amend and response to the motion to dismiss, plaintiff's counsel provides much needed clarification.

In the motion to amend, plaintiff's counsel concedes that certain claims, such as the Eighth Amendment claims, could not survive a motion to dismiss. The new proposed complaint would go forward with only the claims that could colorably survive a motion to dismiss.

The court finds that amendment should be permitted under Rule 15(c)(1)(B) because "the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading." The court further finds that plaintiff should be given this final opportunity to amend his complaint with the benefit of counsel.

The motion is granted and plaintiff shall have ten days from this order to file the amended complaint attached as exhibit one to the motion to amend. The amended complaint moots defendants' motion to dismiss without prejudice.

**III.   Attorney Fees**

This court previously dismissed defendant Captain Michael See from the complaint. (*See* doc. # 142). Defendant See now moves the court for attorney fees in a § 1983 case against a pro se and in forma pauperis plaintiff.

. . .

4

    *A.*    *Legal Standard*

"In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Co. v. Wilderness Soc'y.*, 421 U.S. 240, 247 (1975). However, Congress has provided for the award of attorneys' fees to the prevailing party in civil rights action brought under § 1983. "Congress' intent in enacting § 1988 was to attract competent counsel to prosecute civil rights cases." *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008). "In a civil rights case, fees may be awarded against an unsuccessful plaintiff only if his action is meritless in the sense that it is groundless or without foundation." *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 202 (9th Cir. 1988) (internal citations and quotations omitted).

    *B.*    *Discussion*

Defendant See argues that plaintiff's claims must have been meritless because they did not survive a motion to dismiss. Plaintiff argues that dismissal at the motion to dismiss stage does not automatically render every claim or allegation in the complaint "meritless."

The court agrees with plaintiff. Plaintiff's complaint survived the screening order. Defendant See was an employee at CCDC at when the events in question occurred. A court should grant fees against a plaintiff in civil rights cases only in exceptional circumstances. This is not an exceptional circumstance.

Losing at the motion to dismiss stage, especially after surviving a screening order, does not automatically make the claims in the complaint "meritless." *See Mitchell v. Office of Los Angeles Cnty. Superintendent of Sch.*, 805 F.2d 844, 847 (9th Cir. 1986) ("There is a significant difference between the bringing of cases with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial.").

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. # 140) be, and the same hereby, is DENIED without prejudice.

1 IT IS FURTHER ORDERED that defendant's motion for attorneys' fees (doc. # 145) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to amend/correct complaint (doc. # 147) be, and the same hereby, is GRANTED. Plaintiff shall have ten days from this order to file the amended complaint attached as exhibit 1 and serve the remaining defendants within the time allotted by Federal Rule of Civil Procedure 4.

DATED July 29, 2013.

_____
UNITED STATES DISTRICT JUDGE